UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAMAR JENKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE BANK,<br><br>　　　　　Defendant. | No. 2:17-cv-00878-TLN-KJN<br><br><br>**ORDER** |

This matter is before the Court pursuant to a motion for a temporary restraining order ("TRO") filed by Plaintiff John Lamar Jenkins ("Plaintiff"). (Mot. for TRO, ECF No. 3.) Due to deficiencies in Plaintiff's submissions it is not clear whether the motion was filed *ex parte*, but the TRO checklist filed in connection with the motion suggests that was Plaintiff's intent. (*See* ECF No. 3-1 at 2.) For the reasons discussed below, Plaintiff's motion is DENIED.

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2017, Plaintiff filed a complaint. (ECF No. 1.) He alleges as follows:

> "JP Morgan Chase Bank engaged in Mortgage Fraud: The Securitization Scheme that Collapsed the Housing Market. JP Morgan Chase Bank even admitted in November of 2013 that it, along with every other large US bank had engage [sic] in mortgage fraud as a routine business practice, sowing the seeds of the mortgage meltdown. JP Morgan knowingly put me into a . . . 'Bad Loan' that spiked my interest rate by 6%. They also placed me into an area that is upside down and underwater (meaning the balanced [sic] owed exceeds the current value of the home[)].

(ECF No. 1 at 5.)

Plaintiff filed the instant motion on the same day. (ECF No. 3.) He indicates that a home he owns "is currently in active foreclosure" with a "sell date" of May 17, 2017. (ECF No. 3-1 at 1–2.) He seeks a court order halting any foreclosure or eviction proceedings. (ECF No. 3 at 1.)

## II. LEGAL STANDARD

The same legal standard applies to both preliminary injunctions and temporary restraining orders. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), *overruled on other grounds*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Plaintiff must show four things to receive a preliminary injunction or temporary restraining order. *Winter*, 555 U.S. at 20. First, Plaintiff must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Id*. Second, Plaintiff must show that he is likely to succeed on the merits. *Id*. Third, Plaintiff must show that the balance of equities tips in his favor. *Id*. Finally, Plaintiff must show that an injunction is in the public interest. *Id*. Plaintiff must "make a showing on all four prongs" of *Winter* to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In the Ninth Circuit, courts apply a sliding-scale approach. *Id*. Under this approach, a preliminary injunction may issue where Plaintiff has raised "serious questions on the merits" — rather than a more complete showing that he is likely to succeed on the merits — so long as the balance of hardships tips

sharply in his favor and he satisfies the other two *Winter* prongs. *Id.*

## III. DISCUSSION

Plaintiff's motion fails both procedurally and substantively. Procedurally, Plaintiff has not complied with Eastern District Local Rule 231, which governs temporary restraining orders. Rule 231 requires, among other things, that the party seeking a temporary restraining order file the following documents with the Court:

> (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . .; (6) a proposed temporary restraining order with a provision for a bond . . .; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for filing the responsive papers, the amount of the bond, if any, and the date and hour of issuance . . .; and (8) in all instances in which a temporary restraining order is requested <u>ex parte</u>, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow."

L.R. 231(c). Plaintiff has only submitted the first two items and has therefore failed to satisfy Local Rule 231. His motion may be denied on that ground alone. *See Holcomb v. California Bd. of Psychology*, No. 2:15-cv-02154-KJM-CKD, 2015 WL 7430625, at *3 (E.D. Cal. Nov. 23, 2015) (indicating the Court had previously denied "plaintiff's motion without prejudice for failure to provide the required documents in compliance with Local Rule 231(c)").

Substantively, Plaintiff's motion also falls short. Plaintiff has filed a two sentence motion containing no legal analysis and has filed no brief in support. As a consequence, he has not raised serious questions on the merits, let alone shown a likelihood of success. It follows that he cannot "make a showing on all four prongs" of *Winter*. *Alliance for the Wild Rockies*, 632 F.3d at 1135. The Court need not analyze each prong of *Winter* where Plaintiff clearly cannot carry his burden. *Martin v. Select Portfolio Servicing, Inc.*, No. 2:16-cv-01860-TLN-KJN, 2016 WL 4211520, at *5 (E.D. Cal. Aug. 10, 2016). In short, Plaintiff has not satisfied *Winter* and his motion must be denied.

///

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for a temporary restraining order (ECF No. 3) is hereby DENIED without prejudice.

IT IS SO ORDERED.

Dated: April 27, 2017

Troy L. Nunley
United States District Judge